601 A.2d 425

**Greta SIMMONS, Administratrix of the Estate of Anthony Lacy, Deceased, Appellant,**

**v.**

**TOWNSHIP OF MOON, a Municipal Corporation; County of Allegheny; Allegheny County Police Department; Elmer Banks, an Individual; John Skonicki, an Individual and Robert Downey, an Individual, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1991.

Decided Dec. 18, 1991.

---

John E. Nickoloff, for appellant.

Pamela G. Cochenour, for appellees.

Before PELLEGRINI and BYER, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Greta Simmons (Simmons), Administratrix of the Estate of her son, Anthony Lacy (decedent), deceased, appeals from an Order of the Allegheny County Court of Common Pleas (trial court) which granted the defendants' County of Allegheny (County), Allegheny County Police Department (County Police), Detective John Skonicki (County Detective Skonicki) and Detective Robert Downey's (County Detective Downey) Preliminary Objections in the nature of a demurrer and dismissed Simmons' Complaint against these defendants claiming negligence, false arrest, and civil rights violations caused the death of her son.

The facts that give rise to this cause of action occurred on March 12, 1989. On that date, according to Simmons' Complaint, she and her husband were requested to come to the Moon Township Police Station (Station) to be with her son, the deceased, who was being questioned by law enforcement authorities about a certain crime that had allegedly been committed in the Township of Moon. Present at the Station were Moon Township (Township) Detective Elmer Banks (Township Detective Banks) and County Detectives Skonicki and Downey.

According to Simmons' Complaint, the Detectives read the decedent his constitutional "Miranda" rights and began accusatorial questioning, including asserting their personal belief that decedent was guilty of the alleged crime. Simmons alleges that her son asserted his right to counsel but that County Detective Skonicki continued to press decedent for a statement. Simmons further alleges that at that time, as the Detectives admitted at the Open Inquest, no probable

cause existed to arrest decedent for the crime.[1] Simmons asserts that the County Detectives then resorted to constitutionally impermissible tactics designed to pressure decedent into an inculpatory statement.

Simmons' Complaint further alleges that at this time, the Detectives told both the decedent and Simmons and her husband that the trial judge would be lenient if decedent gave a statement and that a search warrant was a formality, when in reality no probable cause existed for such a warrant. At this time, the Complaint asserts, County Detective Downey took decedent, who was extremely nervous, upset and distraught, to an isolated room while County Detective Skonicki and Township Detective Banks took Simmons and her husband to another room.

According to the Complaint, it was County Detective Downey's job to make sure her son did not escape, thus placing him under arrest without probable cause. Presumedly, County Detective Downey left the room in which he was holding the decedent at which time, decedent shot himself in the head with Township Detective Banks' .357 Caliber Magnum Service Revolver which had been left in an unlocked desk drawer in the room.

Simmons filed an action against the Township, the County, the County Police, Township Detective Banks, and County Detectives Skonicki and Downey seeking damages for the death of her son. The Complaint sought damages under Wrongful Death and Survival for false arrest and negligence, and under Sections 1983 and 1985 of the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, for violations of decedent's civil rights. Preliminary Objections (P.O.'s) were filed by both the Township and Township Detective Banks and the County, the County Police and County Detectives Skonicki and Downey.

On November 26, 1990, the trial court dismissed the P.O.'s of the Township and Township Detective Banks,

---

1. The Open Inquest was conducted by the Coroner of Allegheny County and generated a transcript of approximately 230 pages in length.

requiring only that Simmons amend paragraphs 17, 18 and 19 of her Complaint, which she subsequently did by filing an Amended Complaint. The trial court, however, sustained the P.O.'s of the County, the County Police and County Detectives Skonicki and Downey and dismissed Simmons' Complaint against these defendants. Simmons filed a Motion for Reconsideration which was granted by the trial court. However, the trial court subsequently affirmed its prior Order sustaining the P.O.'s on December 14, 1990. Simmons now appeals.

In sustaining the P.O.'s of the County Agencies and the two County Detectives, the trial court dismissed Simmons' cause of action for false arrest and negligence, holding that the defendants are immune from prosecution pursuant to Sections 8541 and 8545 of the Judicial Code, commonly referred to as the Political Subdivision Torts Claims Act, 42 Pa.C.S. §§ 8541, 8545. The trial court found that neither false arrest nor negligence fell within one of the eight enumerated exceptions to immunity provided in Section 8542, 42 Pa.C.S. § 8542.

The trial court further found that the Section 1983 cause of action must fail because Simmons failed to plead specific acts of the defendants which gave rise to constitutional deprivations. The trial court held that since the defendants were being treated as a single entity, there was no way of knowing what conduct is attributed to them as individuals. The trial court concluded that the lack of factual specificity required that the cause of action be dismissed. The trial court likewise found Simmons' Section 1985 action must fail for the same reasons including the failure to specify the protected class of which decedent was a member.

Simmons contends that her Complaint contains sufficient averments to survive the defendants' P.O.'s. Simmons argues that the Complaint provides a sufficient basis for a Wrongful Death and Survival action based on negligence and false arrest as well as Section 1983 and 1985 causes of action. Simmons alleges that these defendants, acting in concert, engaged in constitutionally impermissible interro-

gation techniques which caused decedent undue and overwhelming pressure, which, together with the negligence of Detective Banks in leaving his revolver in a desk, resulted in decedent's suicide. Simmons further argues that the municipal defendants knew or should have known that such conduct existed yet failed to properly train the individual defendants to refrain from such conduct. Simmons also contends that if the Complaint is insufficient, she should be allowed to amend it in the fashion that was permitted with respect to the P.O.'s of the Township and Township Detective Banks.

■ A preliminary objection in the nature of a demurrer tests the legal sufficiency of the complaint. *Local No. 163, I. Union v. Watkins*, 417 Pa. 120, 207 A.2d 776 (1965). In *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 623–624, 470 A.2d 86, 91 (1983), the Pennsylvania Supreme Court stated:

> A demurrer admits every *well-plead material fact* set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but *not conclusions of law*. In order to sustain the demurrer, it is essential that plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. If there is any doubt, this should be resolved in favor of overruling the demurrer. (Citations omitted.) (Emphasis added.)

We will review the trial court's basis for sustaining the defendants' P.O.'s.

### A.

### Governmental and Official Immunity

The trial court's basis for dismissing the cause of actions based on negligence and false arrest was governmental and official immunity. Local agencies are provided with governmental immunity under Section 8541 of the Judicial Code which provides that a local agency shall not be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an

employee thereof unless otherwise provided for in the subchapter. 42 Pa.C.S. § 8541. Section 8542(a) of the Judicial Code provides two conditions that must be met before liability is imposed: the damages must be those which would be recoverable at common law and the injury must be caused by the negligence of the local agency or its employee while acting within the scope of his or her duties with respect to one of eight categories of exceptions listed under Section 8542(b). 42 Pa.C.S. § 8542(a).[2]

In order then to defeat the governmental immunity of the County and the County Police, both local agencies, Simmons must have alleged conduct on their part which satisfies the two preconditions and a narrowly defined exception set forth in Section 8542. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

This immunity is also extended to the employees of a local agency. Section 8546 of the Judicial Code provides the employee with the defense of official immunity where the conduct which gave rise to the injury was authorized or required by law or where the employee, in good faith, believed it was, or where the act was within the policy-making discretion granted the employee by law. 42 Pa.C.S. § 8546. Section 8545 of the Judicial Code further limits an employee's potential liability by providing that:

An employee of a local agency is liable for civil damages on account of any injury to a person or his property caused by acts of the employee which are within the scope of his office or duties *only to the same extent as his employing local agency* and subject to the limitations of this subchapter.

42 Pa.C.S. § 8545 (emphasis added).

However, Section 8550 of the Judicial Code provides an exception to the official immunity provided by Sections 8545 and 8546:

**2.** The eight exceptions include the operation of a vehicle, the care, custody or control of personal and real property and animals, and the existence of dangerous conditions involving trees, traffic controls, street lighting, utility service facilities, streets and sidewalks. 42 Pa.C.S. § 8542(b).

> In any action against a local agency or employee thereof for damages on account of an injury caused by the *act of an employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted* a crime, actual fraud, *actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official liability),* ... *shall not apply.*

42 Pa.C.S. § 8550 (emphasis added).

In order to place County Detectives Skonicki and Downey outside the protection of official immunity, Simmons must allege conduct on their part which could be "judicially determined ... [to have] ... caused the injury and ... constitute[ ] ... willful misconduct" as set forth in Section 8550. *See Williams v. City of Philadelphia,* 131 Pa.Commonwealth Ct. 71, 569 A.2d 419 (1990); *Morris v. Musser and York Township,* 84 Pa.Commonwealth Ct. 170, 478 A.2d 937 (1984).

■ In the present case, Simmons alleges that the County and County Police "authorized and encouraged this pattern of conduct [false arrest and interrogation] by allowing it to continue and have caused the pattern of conduct of the same to be taught ... in both a formal and informal fashion." (Reproduced Record (R.R.) 40a). Simmons further alleges that the County and County Police "were negligent for failing to adequately instruct their agents and employees in the safe handling, use and storage of firearms during the course of interrogation and arresting criminal suspects." (R.R. 45a). Neither of these acts falls within one of the eight exceptions under Section 8542(b), and Simmons does not assert that they do. Therefore, the cause of action against the County and County Police on the basis of negligence and false arrest was properly dismissed.

■ As to the County Detectives, Simmons alleges that they falsely arrested decedent, denied him his constitutional right to counsel and tried to coerce him into a confession. Simmons further alleges that the County Detectives had no

probable cause to hold decedent but did so for the specific reason of coercing and inducing him to give an inculpatory statement concerning the crime. Simmons alleges that the County Detectives knew decedent was emotionally distraught but negligently failed to provide continuous observation. However, because the County Detectives are only liable to the same extent as the County and County Police which are immune, *See* 42 Pa.C.S. § 8545, these allegations must rise to the level of willful misconduct as provided under 42 Pa.C.S. § 8550 in order to remove the County Detectives' grant of official immunity.

In *Evans v. Philadelphia Transportation Co.*, 418 Pa. 567, 573, 212 A.2d 440, 443 (1965), the Pennsylvania Supreme Court stated that "[c]orrectly speaking, willful misconduct means that the actor desired to bring about the result that followed, or that he was aware that it was substantially certain to ensue." We applied this definition in *Williams v. City of Philadelphia* where we held that although the conduct of emergency medical technicians in not taking the decedent, who was intoxicated and had fallen down some stairs, immediately to the hospital exemplifies a reckless disregard for the man's life, it does not constitute willful misconduct under 42 Pa.C.S. § 8550, since the EMT's did not intend nor were aware that decedent would die from the fall. *Williams*, 131 Pa.Commonwealth Ct. at 76, 569 A.2d at 421–422.

In the present case, Simmons fails to allege that the County Detectives, by their conduct, intended that decedent would commit suicide. Simmons only alleges that the intent of their conduct was to obtain a confession. Moreover, nowhere in the Complaint does Simmons allege that the County Detectives knew or should have known that decedent had suicidal tendencies nor does she allege that decedent exhibited any such behavior other than that normally expected of someone being questioned concerning the commission of a crime. Because Simmons' well-pleaded facts do not allege that the County Detectives desired her son's suicide nor that they were aware that it would substantially

ensue from their conduct, the County Detectives are immune from liability for false arrest and negligence.

## B.

### Civil Rights Claims

The trial court also dismissed Simmons' civil rights claims for failure to set forth specific facts establishing a cause of action. Simmons contends that the County, the County Police, and County Detectives Skonicki and Downey violated her son's constitutional rights resulting in his suicide for which she is entitled to damages under Sections 1983[3] and 1985[4] of the United States Code. We will address the civil rights claims as to the individual and local agency defendants.

### 1.

### Individual County Detectives

Pursuant to Section 1983, custodial officials may be held liable for damages for the suicide of a detainee if they acted with "deliberate indifference" to the individual's psychological needs. Williams v. Borough of West Chester, 891 F.2d 458 (3rd Cir.1989); Freedman v. City of Allentown, 853 F.2d 1111 (3rd Cir.1988); Colburn v. Upper

3. Section 1983 states in relevant part that:
   Every person who, under color of any ... State or Territory ....
   subjects, or causes to be subjected, any citizen of the United States
   ... to the deprivation of any rights, privileges, or immunities
   secured by the Constitution and laws, shall be liable to the party
   injured in an action at law....
   42 U.S.C. § 1983.

4. Sections 1985(2) and (3) provide in relevant part that:
   [I]f two or more persons ... conspire for the purpose of impeding,
   hindering, obstructing, or defeating, in any manner, the due course
   of justice in any State or Territory, with the intent to deny any
   citizen the equal protection of the laws, or to injure him ... for
   lawfully enforcing, or attempting to enforce, the right of any per-
   son, or class of persons, to the equal protection of the laws ... [and]
   if one or more persons engaged therein do, or cause to be done, any
   act in furtherance of the object of the conspiracy, whereby another
   is injured in his person ..., the party so injured ... may have an
   action for recovery of damages....
   42 U.S.C. § 1985(2), (3).

*Darby Township,* 838 F.2d 663 (3rd Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989); *Estate of Harding v. Galyias,* 117 Pa.Commonwealth Ct. 371, 544 A.2d 1060, *petition for allowance of appeal denied,* 521 Pa. 625, 557 A.2d 727 (1988).

In *Freedman,* the Third Circuit Court of Appeals stated that:

> The court must determine from the factual scenario pled whether the plaintiff could make out a constitutional claim rather than one for mere negligence by a custodian which might be addressed, if at all, under state law. ... When facts have been pled which, if proven, would demonstrate that the prison officials *actually knew of the suicidal tendencies of a particular prisoner,* ... *[or] should have known that the prisoner was a suicidal risk,* and failed to take necessary and available precautions to protect the prisoner ..., the complaint will survive dismissal.

*Freedman,* 853 F.2d at 1115. (Emphasis added.)

Moreover, it is required that the "complaint contain a modicum of factual specificity, identifying the particular conduct of the defendants that is alleged to have harmed the plaintiffs." *Freedman,* 853 F.2d at 1114; *Colburn,* 838 F.2d at 666. In *Colburn,* the complaint survived dismissal where the plaintiff pled that the police were aware of prior suicide attempts by the decedent, had foiled a suicide attempt by the decedent while in custody, knew the decedent was extremely depressed and had taken her into custody "for her own protection." *Colburn,* 838 F.2d at 670. However, in *Freedman,* the Third Circuit held that dismissal of the complaint was proper because even though the complaint alleged that the police failed to recognize scars on the decedent's wrists from a prior suicide attempt, this allegation, without more, amounted to mere negligence and not the deliberate indifference to the decedent necessary to sustain a Section 1983 action. *Freedman,* 853 F.2d at 1116.

In the present case, Simmons alleges that "the individual Defendants ..., separately and in concert, acted under color

... of law, ... and ... engaged in the illegal conduct here mentioned to the injury and death of [decedent] ... and deprived [him] of the rights, privileges, and immunities secured ... by the Fourth, Fifth, Sixth and Fourteenth Amendments." (R.R. 38a). As previously stated, Simmons alleges that the individual defendants falsely arrested her son, denied him the right to counsel and tried to psychologically coerce a confession from him.

Simmons' Complaint, however, fails to provide specific facts nor does it allege that the County Detectives acted with deliberate indifference or knew or should have known that decedent had suicidal tendencies. There are no factual averments that decedent exhibited any outward signs of suicidal tendencies which the County Detectives were aware or should have been aware of, nor are there allegations that decedent had tried to commit suicide in the past of which the County Detectives were aware.

Moreover, because Simmons admits that the intent of the alleged constitutional violations was to procure a statement and not to facilitate the decedent's suicide, Simmons failed to meet the standards set forth in *Colburn* and *Freedman* for maintaining a Section 1983 action, the trial court was correct in sustaining the defendants' P.O.'s to the Section 1983 action.[5]

### 2.
### Municipal Agencies

Simmons also alleges a cause of action under Section 1985 contending that the County and County Police conspired with the Township to "impede the due course of justice" with the intent to deprive decedent of the equal protection of the laws because of his race which caused his suicide. (R.R. 48a–50a). Separate and apart from the issue discussed previously that there is no contention that the County and Township Detectives were aware or should

---

5. We need not reach the issue of the liability of the County and County Police under Section 1983 because we have found that the County Detectives are not liable under Section 1983, thereby precluding liability to their employer.

have been aware of any suicidal tendencies exhibited by the decedent, Simmons does not provide any factual specificity in her Complaint to support her general conclusions of law that there was a conspiracy. This allegation fails to satisfy the stringent factual pleading requirements for maintenance of a civil rights action under Section 1985. Therefore, the trial court was correct in dismissing the cause of action pursuant to Section 1985.

## C.

### Failure to Allow Amendment

Simmons argues that if this Court upholds the trial court's action in sustaining the defendants' P.O.'s, we should remand to the trial court to allow her to amend her Complaint. Simmons argues that the trial court abused its discretion in not allowing her to amend her Complaint.[6]

Leave to amend a complaint is within the sound discretion of the trial court. *Division 85 of Amalgamated Transit Union v. Port Authority of Allegheny County*, 71 Pa.Commonwealth Ct. 600, 455 A.2d 1265 (1983); *Carringer v. Taylor*, 402 Pa.Superior Ct. 197, 586 A.2d 928 (1990); Pa.R.C.P. 1033. Leave to amend a complaint will be withheld where the initial complaint reveals that the prima facie elements of a claim cannot be established and where the defects are so substantial that amendment is not likely to cure the defects. *Roach v. Port Authority of Allegheny County*, 380 Pa.Superior Ct. 28, 550 A.2d 1346 (1988); *Feingold v. Hill*, 360 Pa.Superior Ct. 539, 521 A.2d 33, *petition for allowance of appeal denied*, 515 Pa. 607, 529 A.2d 1081 (1987).

A review of the factual allegations alleged by Simmons and the legal elements necessary to state a cause of action under Sections 1983 and 1985, reveals that an amendment to her Complaint would be futile because the defects are so

6. Initially, we should point out that this is the only matter before us in this case. Whether or not the trial court erred in allowing Simmons to amend her Complaint as to the Township and Township Detective Banks is not before us.

substantial and the prima facie elements of her claims cannot be established. No facts are alleged by Simmons in her Complaint that the decedent exhibited suicidal tendencies or that the County Detectives knew of such tendencies, if they existed. Likewise, there are no facts alleged to support the existence of a conspiracy.

Simmons contends that the trial court should have allowed her to take discovery following the filing of her praecipe instead of ordering her to file the Complaint pursuant to the defendants' Rule. Aside from not even pleading the requisite "deliberate indifference" necessary to maintain a Section 1983 action, we agree with the trial court that Simmons had in her possession all of the necessary facts regarding her son's death. She was present at the Station with her son, knew her son's emotional condition, and had the benefit of the sworn testimony given by the Township and County Detectives at the Open Inquest conducted regarding his death.

Because the facts as she alleges in her Complaint fall well short of those needed to establish a cause of action under Sections 1983 and 1985, the trial court properly dismissed the Complaint. Accordingly, we will affirm the Order of the trial court dismissing the Complaint as to the County, the County Police, and Detectives Skonicki and Downey.

## ORDER

AND NOW, this 18th day of December, 1991, the Order of the Allegheny County Court of Common Pleas dated December 14, 1990, is affirmed.