**Norman M. LUTZ, Appellant,**

v.

**SPRINGETTSBURY TOWNSHIP
and Paul W. Amic.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1995.

Decided Oct. 26, 1995.

Reargument Denied Dec. 12, 1995.

---

252

Edward J. Van Allen, for appellant.

Donald H. Yost, for appellees.

Before McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

FRIEDMAN, Judge.

Norman M. Lutz (Employee) appeals from an order of the Court of Common Pleas of York County (trial court) dated December 14, 1994, which sustained the preliminary objection in the nature of a demurrer of Springettsbury Township (Township) and its Township Manager, Paul W. Amic (Amic) (collectively, Employer), effectively dismissing Employee's complaint for failure to state a cause of action under the Whistleblower Law.[1]

Prior to March 16, 1994, Employee was the Director of Wastewater Treatment for the Township and reported to Amic. In 1994, Employer began to suspect that it had undercharged surrounding municipalities for use of the Township's wastewater treatment facilities and instructed Employee to investigate and present a briefing to the Township. Employee subsequently presented the Employer with three options for handling the deficit which resulted from the undercharging and recommended one particular option which he believed would prevent the loss of up to $800,000 to the Township. Employer did not choose that option; instead, it decided to absorb the deficit.

On March 16, 1994, Employee was discharged from Township employment. He

1. Act of December 12, 1986, P.L.1559, 43 P.S. §§ 1421–1428.

filed suit against Employer on September 7, 1994, alleging that he had been discharged in violation of sections 3(a) and 3(b) of the Whistleblower Law, 43 P.S. §§ 1423(a) and (b). Section 3(a) of the Whistleblower Law provides in relevant part:

> No employer may discharge ... an employee ... because the employee ... makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

Section 3(b) of the Whistleblower Law provides in relevant part:

> No employer may discharge an employee ... because the employee is requested by an appropriate authority to participate in an investigation ... held by an appropriate authority or in a court action.

Employer filed preliminary objections, including a demurrer, asserting that Employee's complaint failed to allege a cause of action upon which relief could be granted because it failed to set forth facts which support a claim under the Whistleblower Law. (R.R. at 7a–9a.) Employee did not amend his complaint, but instead opposed the preliminary objections. In sustaining the preliminary objections, the trial court held that Employee's complaint failed to set forth a basis for recovery under the Whistleblower Law and accordingly granted the demurrer.[2]

On appeal,[3] Employee argues that he has indeed pleaded facts sufficient to establish an action under the Whistleblower Law or, in the alternative, that if he has not, he should be granted the opportunity to cure any defects. Employer counters that its demurrer was properly granted and Employee cannot now amend his complaint. We agree with Employer.

A preliminary objection in the nature of a demurrer challenges the legal sufficiency of a complaint. *Simmons v. Township of Moon,* 144 Pa.Cmwlth. 198, 601 A.2d 425 (1991). In ruling on preliminary objections in the nature of a demurrer, all well-pleaded facts in the complaint and all inferences reasonably deduced therefrom must be accepted as true, but legal conclusions, unjustified inferences and expressions of opinions are not deemed admitted. *Runski v. American Federation of State, County and Municipal Employees, Local 2500,* 142 Pa. Cmwlth. 662, 598 A.2d 347 (1991). A demurrer will be sustained only when it appears with certainty that the law permits no recovery under the allegations pleaded. *Id.*

The Whistleblower Law prohibits public employers from retaliating against public employees who report wrongdoing or waste. 43 P.S. § 1423. An employee alleging a violation of the Whistleblower Law must show by a preponderance of the evidence that, prior to his or her discharge, the employee reported or was about to report an instance of waste to the employer or an appropriate authority and was discharged in reprisal. Section 4(b) of the Whistleblower Law, 43 P.S. § 1424(b). Accordingly, to establish a cause of action under 43 P.S. § 1423(a), Employee must allege that prior to discharge, he had made a good faith report of waste committed by the Employer and was discharged in reprisal for that report. Employee has not done so here.

A good faith report is a report of waste or wrongdoing "which is made without malice or consideration of personal benefit and which the person making the report has reasonable cause to believe is true." Section 2 of the Whistleblower Law, 43 P.S. § 1422. Generally, this report is one initiated by the employee based upon that employee's suspi-

---

**2.** Specifically, the trial court noted that: (1) the alleged "waste" appeared to be no more than an accounting problem; (2) Employee failed to state that he was discharged because he made a good faith report of an incidence of waste; and (3) Employee's report was merely a response to the loss which the Township had called to his attention. Employee correctly points out that Paragraph 17 of his Complaint does, indeed, state that he was discharged because he made a good

faith report of waste. However, Employee alleged no facts to support such contention.

**3.** Our standard of review for preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *Petula v. Mellody,* 138 Pa.Cmwlth. 411, 588 A.2d 103 (1991).

cion of wrongdoing or waste. *See Watson v. City of Philadelphia*, 162 Pa.Cmwlth. 340, 638 A.2d 489 (1994) (city employee who suspected supervisor had misappropriated city property notified Inspector General.)

■ In this case of first impression, we note that, contrary to this general principle, here it was Employer which notified Employee of the problem and directed him to investigate. Employee contends that the fact that Employer initiated the investigation does not deprive him of asserting a claim of wrongful discharge under the Whistleblower Law for filing a report of waste. Although we believe that whether the employer or employee initiated the investigation may, indeed, be relevant to consideration of Whistleblower Law claims, it has no relevance here because, even assuming that Employee's presentation to the Township was a "report" as contemplated by the Whistleblower Law, he has failed to demonstrate any connection between that report and his firing, thereby precluding a cause of action under section 3(a) of the Whistleblower Law.[4]

Similarly, Employee's alternative argument, that Employer violated section 3(b) of the Whistleblower Law, is meritless because Employee failed to link his discharge with the results of his investigation.

■ Regarding Employee's assertion that he should be granted the opportunity to cure the defects in the complaint, it is well-established that amendment of a complaint should be freely allowed and a claim ought not be jeopardized by minor defects in pleading, Pa.R.C.P. No. 1033; *Behrend v. Yellow Cab Company*, 441 Pa. 105, 271 A.2d 241 (1970). Where there is some reasonable possibility that amendment can be accomplished successfully, the right to amend should not be withheld. *Otto v. American Mutual Insurance Company*, 482 Pa. 202, 393 A.2d 450 (1978). However, leave to amend will be withheld where the initial pleadings reveal that the prima facie elements of the claim cannot be established and that the complaint's defects are so substantial that amendment is not likely to cure them. *Simmons v. Township of Moon*, 144 Pa.Cmwlth. 198, 601 A.2d 425 (1991).

In this case, Employer identified a problem and directed Employee to investigate and report back with suggestions. Employee did so and recommended an option which Employer declined to follow. It is hard to see such a situation as a "report" of "waste." Employee did not begin the investigation on his own, nor did he allege in his report any illegal or improper conduct by Employer regarding the deficit. Employee only alleges that he was fired for doing exactly what Employer told him to do.

We note, as well, that Employee has in no way attempted to explain the remoteness in time between the "report" and the discharge, stating only the fact that both occurred. Indeed, upon questioning at oral argument before this court, Employee's counsel steadfastly maintained that the mere fact that he was terminated at some time after his report establishes the prima facie elements of a Whistleblower claim. We disagree. Not only did the events occur months apart, but there is not even an innuendo of any nexus between the two or an allegation of maliciousness on Employer's part. Under these circumstances, we must conclude that Employee cannot successfully amend his complaint. *Simmons*.

Accordingly, we affirm the trial court's order, and we deny Employee allowance to amend the complaint.

---

4. "Waste" is defined in the Law as "[a]n employer's conduct or omissions which result in substantial abuse, misuse, destruction or loss of funds or resources belonging to or derived from Commonwealth or political subdivision sources." Section 2 of the Whistleblower Law, 43 P.S. § 1422. We note that, in reaching its conclusion, the trial court found the alleged act of "waste" to be the Township's initial mistake regarding the utility charges. Employee refutes this finding, claiming that it was Employer's decision to disregard his suggestion regarding the deficit resulting from the undercharges, instead assuming responsibility for the undercharges, which constituted the act of "waste." Admittedly, we are confused by Employee's assertion because this contention wholly contradicts Employee's overall claim. Clearly, if the "waste" occurred only after his recommendation, there can be no Whistleblower action because logic demands that the report of waste must be given after the waste has occurred.

## ORDER

AND NOW, this 26th day of October, 1995, the order of the Court of Common Pleas of York County, dated December 14, 1994, sustaining the preliminary objection in the nature of a demurrer of Springettsbury Township and Paul W. Amic, is affirmed, and we deny Norman M. Lutz allowance to amend his complaint.