Jessica TYSON, for Mikeisha
JEFFERSON, Appellant

v.

SCHOOL DISTRICT OF
PHILADELPHIA.

Commonwealth Court of Pennsylvania.

Argued Feb. 27, 2006.
Decided June 2, 2006.

Leonard Rieser and Deborah Gordon, Philadelphia, for appellant.

Miles H. Shore, Philadelphia, for appellee.

BEFORE: COLINS, President Judge, and SIMPSON, Judge and LEAVITT, Judge (P).

OPINION BY President Judge COLINS.

This is an appeal from an order of the Court of Common Pleas of Philadelphia County (common pleas court) granting the School District of Philadelphia's (District) motion to dismiss. We affirm.[1]

Mikeisha Jefferson (student) was assigned to an alternative school for disruptive students by a hearing officer after an informal hearing held on April 18, 2005. The incident giving rise to the student's

---

1. Our standard of review over an order of the trial court sustaining preliminary objections in the nature of a motion to dismiss for lack of jurisdiction is limited to determining whether the trial court abused its discretion or committed an error of law. *Lutz v. Springettsbury Twp.,* 667 A.2d 251 (Pa.Cmwlth. 1995).

re-assignment occurred on March 9, 2005. The student, an 11th grader at the time, attempted, with another 11th grade student, to enter a lunchroom at the same time as 8th grade students were leaving. A teacher told the students they did not belong there and that they should leave.[2] The student allegedly told the teacher "to get the f*ck out of her face" and continued to attempt entry into the lunchroom.[3] The teacher then pulled the student away from the door by her book-bag, at which point the student allegedly punched the teacher in the arm and pushed him in the chest. The teacher put his arms around the student's shoulders and took her to the ground.[4] The police were called. The student was arrested and suspended for five days.

On April 21, 2005, the hearing officer issued a decision transferring the student to an alternative school. On May 11, 2005, the student's mother filed a notice of appeal to the common pleas court on the student's behalf. The common pleas court granted a motion to dismiss for lack of jurisdiction because informal hearings are not appealable; likewise, inter-district school transfers that by law only warrant an informal hearing are also unappealable.[5]

■ The single issue before the Court is whether the common pleas court had jurisdiction to hear an appeal from a decision of a District hearing officer that assigned a public school student to an alternative school for disruptive students following an informal hearing.

The student argues that she has personal and property rights in her education that are being denied without due process. She further argues that informal hearing processes in fact result in adjudications and that district school boards are local administrative agencies. The student believes that because the transfer decision was made on behalf of the Board, rather than a lower level administrator, and because it affects her rights to education then, the local agency law allows her to appeal to a common pleas court.[6] 2 Pa. C.S. §§ 551–555, 751–754.

The District argues that review by a hearing officer does not transform an inter-district administrative action into a local agency adjudication. The District quite rightly cites the case of *Burns by Burns v. Hitchcock*, 683 A.2d 1322 (Pa. Cmwlth.1996) for the proposition that a disciplinary suspension, even where reviewed by the school board, is not an appealable local agency action. The District next argues that informal hearings are the appropriate means for addressing due process concerns in the realm of transfers to alternative schools. We agree.

2. Notes of Testimony, p. 6.

3. *Id.* (However, we note that in the student's version of events as contained in her "Incident Statement" she told the teacher to "stop f*cking pushing me" in response to what she regarded as his rough physical treatment of her, which included pulling her away from the door by her book-bag without saying "excuse me." The student also claims to have been choked by the teacher.)

4. *Id.*

5. Opinion of the Honorable Joseph A. Dych, Jr. of the Court of Common Pleas of Philadelphia County, p. 4.

6. The student argues in the alternative that her case should have at least been heard in equity at the common pleas level, even if that court had no jurisdiction to hear her appeal. However, the brief for the student informs the Court, although it is not in the record, that the student has enrolled in a public charter school and will not be attending the alternative school in any event. Therefore, equitable relief at the common pleas level would be unavailable as the issue is moot.

The Department of Education in Section 12.8(c) specifically provided for an informal hearing process where students are suspended.[7] It is an undisputed fact that the student was suspended following her altercation with a teacher. The student was subsequently transferred to an alternative school within the District. The student was at no point expelled from the District. Therefore, we conclude that the court below properly found that 22 Pa.Code § 12.8(c) is the proper provision of the law in which to find the process that is due.

 Were the student expelled, a formal hearing process, as delineated in 22 Pa.Code § 12.8(b),[8] would be the process that is due. The facts of record do not support such a conclusion. The Court is bound to respect the clear language of the statute. In short, an informal hearing is all the process that is due under the present facts.

The Court notes the student's argument that certain public policy considerations concerning the right of access to the courts and a right to regular schooling militate against the Court's conclusion. Nevertheless, such considerations would not justify bringing the full process of the judicial system within public schools. Such a decision would overburden both the public school system and the courts. Indeed, the District points out that this Court's recent holding in *D.C. v. School District of Philadelphia*, 879 A.2d 408 (Pa.Cmwlth.2005), cuts against the notion that informal hearings in cases of transfer to alternative schools are somehow lacking in due process. In that case, this Court held that delinquent students who are returning to a school district are owed an informal hearing before placement in an alternative school. *Id.* The Court was satisfied that the informal hearing process was adequate for purposes of due process. The Court is also satisfied that the informal hearing process supplies the necessary due process protections under these facts.

Accordingly, the order of the Court of Common Pleas of Philadelphia County is affirmed.

### *O R D E R*

AND NOW, this 2nd day of June 2006, the order of the Court of Common Pleas of Philadelphia County is AFFIRMED.

---

7. "Informal hearings. The purpose of the informal hearing is to enable the student to meet with the appropriate school official to explain the circumstances surrounding the event for which the student is being suspended or to show why the student should not be suspended." 22 Pa.Code § 12.8(c).

8. "A formal hearing is required in all expulsion actions." 22 Pa.Code § 12.8(b).