IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Troy Prozan and Louis Aliota,      :
                 Appellants    :
                                 :
           v.                    :
                                 :
Millcreek Township Board of    :   No: 20 C.D. 2025
School Directors            :   Submitted: November 6, 2025


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE FIZZANO CANNON            FILED: December 8, 2025


This is an appeal by Troy Prozan and Louis Aliota (jointly Prozan) from an order of the Court of Common Pleas of Erie County (Trial Court) dismissing his second amended complaint with prejudice on the basis that the action is barred by both the applicable statutes of limitations and repose. Upon review, we affirm.


**I. Background**

Prozan originally filed a complaint against the Millcreek Township School District (District) alleging a violation of Section 704 of the Sunshine Act,[1] 65 Pa.C.S. § 704.[2] *Prozan v. Millcreek Twp. Sch. Dist.* (Pa. Cmwlth., No. 645 C.D.

---

[1] 65 Pa.C.S. §§ 701-716

[2] Section 704 of the Sunshine Act requires that "[o]fficial action and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public unless closed under [S]ection 707 (relating to exceptions to open meetings), 708 (relating to executive sessions) or 712 (relating to General Assembly meetings covered)." 65 Pa.C.S. § 704.

2023, filed July 16, 2024) (*Prozan I*). Prozan subsequently filed an amended complaint. *Id.*, slip op. at 10 n.14. The Trial Court sustained a demurrer and dismissed the case with prejudice. *Id.* On appeal, this Court determined that subject matter jurisdiction was absent because the Board, rather than the District, was the agency subject to the Sunshine Act. We explained that

> a school district, though an agency of the Commonwealth, does not constitute an agency for purposes of the Sunshine Act.[] *See Paterra v. Charleroi Area Sch. Dist.*, 349 A.2d 813, 815 (Pa. Cmwlth. 1975) (footnote omitted). Rather, the pertinent agency is the School Board, in that Section 703 of the Sunshine Act defines an "agency" as including, *inter alia*, a "school board . . . ." 65 Pa.C.S. § 703.

*Id.*, slip op. at 9 (footnote omitted).  Because Prozan had sued the District rather than the Board, the Trial Court properly dismissed the action. *Id.*, slip op. at 10 (explaining that "failure to join an indispensable party deprives the court of subject matter jurisdiction") (citing *Huston v. Campanini*, 346 A.2d 258 (Pa. 1975) (additional citations omitted)). Following applicable precedents, however, we vacated the dismissal, which had been with prejudice, and remanded the matter with an instruction to the Trial Court to dismiss the action without prejudice. *Id.*, slip op. at 14-15 (first citing *Paterra*, 349 A.2d at 815-16; then citing *Orman v. Mortgage I.T.*, 118 A.3d 403, 406-08 (Pa. Super. 2015); then citing *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 346 A.2d 788, 789-90 (Pa. 1975); and then citing *Huston*, 346 A.2d at 259).

On remand, the Trial Court followed our directive, and Prozan then filed a second amended complaint naming the Millcreek Township Board of School Directors (Board) instead of the District as the defendant. The Board filed a preliminary objection asserting that the case was barred by both the 30-day

2

statute of limitations for filing actions under Section 713 of the Sunshine Act and the related 1-year statute of repose. *See* 65 Pa.C.S. § 713. The Trial Court agreed and dismissed the Second Amended Complaint with prejudice.

The case is now before this Court on another appeal. Prozan argues that equitable considerations should apply because, despite his having named the wrong defendant in the original complaint and the first amended complaint, the Board was aware that litigation was pending against the District, and there is no prejudice to allowing the action to continue against the Board. Prozan also claims that this Court authorized the filing of a further amended complaint by vacating the Trial Court's order dismissing the second amended complaint with prejudice and directing the Trial Court to dismiss without prejudice instead.

## II. Issues

On appeal,[3] Prozan raises several issues, which we summarize and restate as follows.

First, Prozan posits that this Court's previous remand to the Trial Court for a dismissal without prejudice constituted specific permission for Prozan to file the Second Amended Complaint without timeliness considerations under either the Sunshine Act's statute of limitations or statute of repose. Prozan alternatively argues that he complied with the Sunshine Act's 30-day statute of limitations by commencing his action timely. He similarly maintains that he complied with the Sunshine Act's statute of repose, in that the Sunshine Act provides that matters must be commenced within one year of the discovery of a

---

[3] When reviewing a trial court order sustaining a preliminary objection in the nature of a demurrer, we are limited to determining whether or not the trial court abused its discretion or committed an error of law." *Prozan I*, slip op. at 6 n.10 (quoting *Bologna v. St. Marys Area Sch. Bd.*, 699 A.2d 831, 833 (Pa. Cmwlth. 1997) (additional quotation marks omitted)).

violation and the instant matter was commenced within one year of discovery of a Sunshine Act violation. Prozan asserts that the Trial Court erred in finding that the District and the Board are separate entities, suggesting that they should not be distinguished from one another for purposes of determining the timeliness of the Second Amended Complaint. Prozan also contends the Trial Court erred as a matter of law or abused its discretion by failing to allow him to file a further amended complaint.

On the merits, Prozan contends that the filing of a cross-appeal constituted official action on a matter of agency business within the meaning of the Sunshine Act and that the Board's decision to file a cross-appeal was required to be voted upon during a public meeting.

### III. Discussion

Section 713 of the Sunshine Act provides:

> A legal challenge under this chapter shall be filed within 30 days from the date of a meeting which is open, or within 30 days from the discovery of any action that occurred at a meeting which was not open at which this chapter was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting.

65 Pa.C.S. § 713. Here, there is no dispute that Prozan filed his original complaint against the District within the applicable time limits. It is equally clear that the second amended complaint, the first pleading to name the Board as the defendant, was filed well after both the statute of limitations and the statute of repose had expired. The overarching issue, then, is the timeliness of Prozan's second amended complaint, given that it named the Board, rather than the District, as the defendant

4

for the first time.

Notwithstanding the clear legal separation of the District and the Board, Prozan insists the Trial Court erred when, "without any factual record," it concluded the District and the Board were separate entities. Prozan's Br. at 8. Prozan argues that, "where both share the same address, records, personnel, legal counsel and bank accounts," they should not be treated as separate. *Id.* We discern no merit in this argument. The Trial Court correctly followed the law generally and this Court's reasoning in *Prozan I* specifically. The law is clear that a school board and a school district are separate entities and that only a school board, not the related school district, is a proper defendant in a Sunshine Act claim. *Prozan I*, slip op. at 9; *see also Beckes v. Ne. Sch. Dist.* (Pa. Cmwlth., No. 1248 C.D. 2024, filed Sept. 3, 2025),[4] slip op. at 10. Moreover, we observe that, having been decided in *Prozan I*, the applicability of this principle is also the law of the case. *See Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (observing that, under the law of the case doctrine, a trial court on remand "may not alter the resolution of a legal question previously decided by the appellate court in the matter" and, "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court").

The law is well settled that a plaintiff may file an amended complaint changing the name of the defendant to correct a mere error in the defendant's name. Rule 1033(b) of the Pennsylvania Rules of Civil Procedure provides:

> An amendment correcting the name of a party against whom a claim has been asserted in the original pleading

---

[4] This unreported decision is cited as persuasive pursuant to Section 414(a) of this Court's Internal Operating Procedures. *See* 210 Pa. Code § 69.414(a).

5

> relates back to the date of the commencement of the action if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced
>
> in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.Civ.P. 1033(b).

However, the plaintiff may not amend the complaint to add or change to a different defendant after the applicable statute of limitations has run. *See Kincy v. Petro*, 2 A.3d 490, 497 (Pa. 2010) (observing that "[a] plaintiff may not amend a pleading to add a new and distinct party once the statute of limitations has expired") (citing *Tork–Hiis v. Commonwealth*, 735 A.2d 1256 (Pa. 1999)). Here, because the Board and the District are distinct entities, Prozan's failure to name the Board as the defendant before the expiration of the statute of limitations and the statute of repose rendered the second amended complaint untimely. The Trial Court did not err in dismissing the second amended complaint by sustaining the Board's preliminary objection based on the statutes of limitations and repose.

Prozan, however, posits that this Court's order in *Prozan I*, because it directed the Trial Court to enter a dismissal without prejudice, effectively gave Prozan *carte blanche* to file a second amended complaint naming the Board as the defendant without regard to any timeliness issues regarding the statute of limitations and the statute of repose. This argument misapprehends the reasoning behind our directive to the Trial Court to dismiss without prejudice.

In circumstances closely analogous to those here, this Court recently explained in *Beckes* that "failure to name the [s]chool [b]oard – an indispensable party – in the [a]mended [c]omplaint deprived the [t]rial [c]ourt of subject matter

6

jurisdiction over the action. As a result, the [t]rial [c]ourt lacked subject matter jurisdiction to issue the [d]ismissal [o]rder based on a demurrer." *Beckes*, slip op. at12. For this reason, we concluded that the trial court lacked authority to dismiss the action with prejudice, in that the trial court "lacked jurisdiction to enter an order barring [the plaintiff] from bringing an action against the appropriate indispensable party . . . ." *Id.*, slip op. at 13. Accordingly, in *Beckes*, as here, we vacated the trial court's order and remanded with a directive to dismiss without prejudice for lack of jurisdiction. *Id.* Doing so had no bearing on the question of whether an amended complaint naming the correct party would be timely or untimely. The same is true here. This Court's directive in *Prozan I* that the Trial Court enter an order on remand dismissing the amended complaint without prejudice did not bear on the question of whether a second amended complaint would be timely, nor did it compel the Trial Court to treat it as such.

Prozan further contends that the statutes of limitations and repose should be ignored for equitable reasons because the Board must have been aware of the pending litigation even though it originally was brought against the District. The short response to this argument is that, putting aside the question of the 30-day statute of limitations, the one-year filing limit under the Sunshine Act is a statute of repose. *See generally Beckes* (applying the one-year statute of repose); *see also Lawrence County v. Brenner*, 582 A.2d 79, 82 (Pa. Cmwlth. 1990) (observing that Section 283 of the former unconsolidated Sunshine Act, 65 P.S. § 283, "provide[d] a one year statute of repose for actions alleging violations of the [Sunshine] Act at meetings not open to the public"). The law is settled that equitable considerations play no part in the consideration of a statute of repose, which constitutes an absolute bar on claims asserted after the prescribed time limit and, therefore, is not subject to equitable tolling. *See Dubose v. Quinlan*, 173 A.3d

7

634, 644-45 (Pa. 2017) (explaining that "[s]tatutes of limitations, but not statutes of repose, are subject to equitable tolling" and that "[s]tatutes of repose . . . generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control"); *City of Phila. v. City of Phila. Tax Rev. Bd. ex rel. Keystone Health Plan E., Inc.*, 132 A.3d 946, 953 (Pa. 2015) (rejecting an equitable argument for tolling a statute of repose); *see also Kornfeind v. New Werner Holding Co.*, 280 A.3d 918, 923 (Pa. 2022) (explaining that "a statute of repose represents a legislative judgment that a defendant should not be subject to liability after a certain time").

Prozan's suggestion that the Trial Court should have allowed him to file a further amended complaint is also unavailing. A trial court should freely allow an amendment to a complaint where there is a reasonable possibility that the amendment will cure whatever pleading defects exist in the complaint. *See* Pa.R.Civ.P. 1033; *Lutz v. Springettsbury Twp.*, 667 A.2d 251, 254 (Pa. Cmwlth. 1995) (citing *Otto v. Am. Mut. Ins. Co.*, 482 Pa. 202, 393 A.2d 450 (Pa. 1978)). A court should not allow amendment, however, where it would be futile. *Lutz*, 667 A.2d at 254 (citing *Simmons v. Twp. of Moon*, 601 A.2d 425 (Pa. Cmwlth. 1991)). Here, the statute of repose clearly barred Prozan's second amended complaint. No amendment could cure that defect. Accordingly, the Trial Court properly dismissed the second amended complaint with prejudice rather than allowing any further amendments.

For all of these reasons, because the second amended complaint was untimely in asserting a claim against the Board, we conclude that the Trial Court did not err in dismissing the second amended complaint with prejudice. Because of our disposition of the timeliness issue, we do not reach the merits of Prozan's appeal.

8

## IV. Conclusion

Based on the foregoing discussion, the Trial Court's order is affirmed.

_____

CHRISTINE FIZZANO CANNON, Judge

Judge Wallace did not participate in the decision in this case.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Troy Prozan and Louis Aliota,     :
                   Appellants     :
                         :
          v.                   :
                         :
Millcreek Township Board of     :     No: 20 C.D. 2025
School Directors              :

## **O R D E R**

AND NOW, this 8th day of December, 2025, the December 11, 2024 order of the Court of Common Pleas of Erie County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge