597 A.2d 754

**PENNSYLVANIA TURNPIKE COMMISSION, Petitioner,**

**v.**

**Honorable Barbara HAFER, Auditor General of the Commonwealth of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 12, 1991.

Decided Sept. 26, 1991.

Kevin F. Longenbach, Asst. Chief Counsel, for petitioner.

Robert J. Schwartz, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

McGINLEY, Judge.

Presently before this Court are the preliminary objections of Barbara Hafer, Auditor General of the Commonwealth of Pennsylvania (Auditor General) to the petition in the nature of a complaint for declaratory judgment [1] of the Pennsylvania Turnpike Commission (Commission) filed in our original jurisdiction.

The Auditor General conducted a financial and compliance audit of the Commission pursuant to Section 706 of The Administrative Code of 1929 (Administrative Code), 71 P.S. § 246.[2] On February 14, 1991, the Auditor General completed her audit and found that the increase in the salaries of the Commissioners from $15,000 to $26,000 [3] during their term as members of the Commission violated Article III, Section 27 [4] of the Pennsylvania Constitution.[5] The Auditor

1. This action is commenced under the Declaratory Judgments Act (DJA), 42 Pa.C.S. §§ 7531–7541.
2. Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §§ 51–732. Section 706(b) and (c) of the Administrative Code relevantly provides:
   (b) In addition to any other duties imposed by law, the Auditor General shall, on a quadrennial basis, conduct a financial audit and a compliance audit of the affairs and activities of the Pennsylvania Turnpike Commission.
   (c) The Auditor General shall submit, to the chairpersons of the Senate Committee on Transportation and the House of Representatives Committee on Transportation, copies of the completed quadrennial audits of the Pennsylvania Turnpike Commission.
   71 P.S. § 246(b) and (c).
3. Section 5(g) of the Turnpike Organization, Extension and Toll Road Conversion Act (Turnpike Act), Act of September 30, 1985, P.L. 240, 36 P.S. § 651.5(g) relevantly provides that "[t]he annual salary of the Chairman of the Pennsylvania Turnpike Commission shall be $28,500, and the annual salary of the remaining members of the Pennsylvania Turnpike Commission shall be $26,000."
4. Article III, Section 27 of the Pennsylvania Constitution provides that "[n]o law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment."
5. The Auditor General also found that any salary increase during the term of a Commissioner is prohibited pursuant to an opinion of the

General recommended that "[t]he Turnpike should promptly adjust the Commissioners compensation to reflect the statutorily permissible salary" and that "the Turnpike should make adjustments to the current payroll or obtain lump sum payments to make restitution of the previous excess salary." [6] Finding No. 1 and Recommendation of the Auditor General, February 14, 1991, Exhibit A of the Petition for Review in the Nature of a Complaint for Declaratory Judgment, March 13, 1991, (Petition).

On March 13, 1991, the Commission filed a petition seeking a declaratory judgment that the Turnpike Commissioners are legally and constitutionally entitled to the salary increase. The Commission alleges that "the constitutional bar to statutory increases found in Article III, Section 27 of the State Constitution is not absolute"; "that the Commissioners' receipt of the 1988 salary increase fell within a recognized exception to this general constitutional bar"; that "the General Assembly sought to compensate the Turnpike Commissioners during their terms for ... additional duties ..."; and that the General Assembly has previously compensated the "Turnpike Commissioners for additional duties and responsibilities during their terms with ... pay raises ... [in] 1947, 1949 and 1951." Petition, paragraphs 18, 19, 21 and 22 at 5–6. The Commission seeks declaratory relief on the theory that the audit report questions the constitutionality of the Commission's salary increase and that declaratory relief would remove any uncertainty or doubt concerning the rights of the Commission.

Attorney General. In his opinion, the Attorney General concluded that "[m]embers of the ... Pennsylvania Turnpike Commission ... are 'public officers' within the meaning of Article III, Section 13 of the Pennsylvania Constitution [presently Article III, Section 27], and are not entitled to salary increases granted after their appointment...." Official Opinion of the Attorney General, No. 245 of 1961, October 15, 1961, at 58–59.

6. Because the Chairman of the Commission is paid by the Department of Transportation, the Auditor General did not recommend a reduction in his salary and therefore the Chairman's salary is not at issue in the present action.

The Auditor General filed preliminary objections to the petition raising the following issues for our consideration: whether an audit report is a proper subject for a declaratory action and whether the Commission is required to seek a legal opinion of the Attorney General pursuant to the Commonwealth Attorneys Act[7] before petitioning for a declaratory judgment.

When reviewing preliminary objections, we consider as true all well-pleaded facts which are material and relevant. *Grand Central Sanitary Landfill, Inc. v. Department of Environmental Resources*, 123 Pa.Commonwealth Ct. 498, 554 A.2d 182 (1989). Preliminary objections shall be sustained only when they are clear and free from doubt. *Id.*

The Auditor General contends her audit report does not constitute a "document" pursuant to Section 7533 of the DJA, 42 Pa.C.S. § 7533[8], and that there is no controversy because she does not have the authority to require the Commission to accept any of her findings and that the audit report does not affect the legal rights or duties of the entity being audited. It is the position of the Commission that the audit is a document which threatens to invade the rights of the Commissioners and that their disagreement with the audit's recommendations amounts to a controversy ripe for declaratory judgment.

"The ... [DJA] is broad in scope and is to be liberally construed and administered, but is not without its limitations." *Clark, Inc. v. Hamilton Township*, 128

7. Act of October 15, 1980, P.L. 950, *as amended,* 71 P.S. §§ 732–101—732–506.

8. Section 7533 of the DJA provides:
   Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.
   42 Pa.C.S. § 7533.

Pa.Commonwealth Ct. 31, 35, 562 A.2d 965, 967 (1989). Declaratory relief is not available unless an actual controversy exists, is imminent or inevitable. *Colonial School District v. Romano's School Bus Service, Inc.*, 115 Pa.Commonwealth Ct. 87, 539 A.2d 910 (1988). A declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur but is appropriate where there is imminent and inevitable litigation. *Chester Upland School District v. Commonwealth of Pennsylvania*, 90 Pa.Commonwealth Ct. 464, 495 A.2d 981 (1985).

█ In the present controversy the Auditor General conducted a financial audit pursuant to Section 706(b) of the Administrative Code, 71 P.S. § 246(b). The Auditor General's audit was submitted to the chairpersons of the Senate Committee on Transportation and the House of Representatives Committee on Transportation pursuant to Section 706(c) of the Administrative Code, 71 P.S. 246(c). The audit does not constitute a "document" pursuant to Section 7533 of the DJA, 42 Pa.C.S. § 7533 because it does not determine the legal rights or duties of the Commission. The Auditor General's finding that the salary increase does not apply to the Commissioners during their terms in office is nonbinding. The Auditor General has no statutory authority to order the Commission to withhold or to make restitution of the salary increase. The audit merely recommends that the Commission "should promptly adjust the Commissioner's compensation" to reflect their prior salary earned at the commencement of their terms. The Commission is not statutorily required to implement the Auditor General's recommendations. As a result the Commission has failed to "allege facts demonstrating the existence of an active controversy relating to the invasion or threatened invasion of the petitioner's legal rights; there must emerge the 'ripening seeds' of a controversy." *Clark*, 128 Pa.Commonwealth Ct. at 36, 562 A.2d at 968 citing *In re Cryan's Estate*, 301 Pa. 386, 152 A. 675 (1930).

508

Accordingly, we must sustain the Auditor General's preliminary objections and dismiss the petition.[9]

## ORDER

AND NOW, this 26th day of September, 1991, the preliminary objections are sustained and the petition for review in the nature of a complaint for declaratory judgment is dismissed.

9. Because of our resolution of the first issue, we need not address the Auditor General's second preliminary objection that the Commission must exhaust the administrative procedures contained in the Commonwealth Attorneys Act before petitioning for a declaratory judgment.