618 A.2d 1098

**Carol A. MORRISON, M.D., Petitioner,**

**v.**

**COMMONWEALTH, STATE BOARD OF MEDICINE and William D. Kelley, D.D.S., Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 9, 1992.

Decided Dec. 2, 1992.

Carol A. Morrison, M.D., pro se.

April L. McClaine, Counsel for State Bd. of Medicine, respondent.

William D. Kelley, D.D.S., pro se.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Carol A. Morrison, M.D. (Morrison), pro se, filed a petition, in our original jurisdiction, which, in effect, asks this Court to grant a writ of mandamus and/or relief in the form of a declaratory judgment. Specifically, Morrison wants us to direct the State Board of Medicine (Board) to declare that she receive pre-approval to use a particular treatment program in the course of her medical practice. The Board filed preliminary objections to Morrison's petition, claiming that Morrison has failed to state a claim or cause of action upon which relief may be granted. We are not persuaded by Morrison's argu-

ments and, therefore, sustain the Board's preliminary objections and dismiss Morrison's petition.

Morrison holds an unrestricted license to practice medicine and surgery in the Commonwealth of Pennsylvania. Morrison alleges that in December, 1987, and again in March, 1988, she sent letters to the Board requesting that she be permitted to use the Kelley Program [1] to treat patients with cancer and other degenerative diseases in her practice. Morrison claims that her failure to receive a response to her inquiry, prompted her to file the present action.

The Board's records do not contain a response to Morrison's original letters. However, it responded to Morrison's petition by letter dated June 24, 1992 (Board's letter), stating that it could not issue unqualified approval for a particular treatment program. The letter also cited portions of the Medical Practice Act of 1985 (Act), Act of December 20, 1985, P.L. 457, 63 P.S. §§ 422.1–422.45. The letter states in pertinent part that:

> You currently possess an unrestricted license to practice medicine and surgery in the Commonwealth of Pennsylvania. "Medicine and surgery" is defined in the Medical Practice Act of 1985, ... at Section 2, as "the art and science of which the objectives are the cure of diseases and the preservation of the health of man, including the practice of the healing arts with or without drugs, except healing by spiritual means or prayer." 66 P.S. § 422.2. "Healing arts" are defined in the same section as "the science and skill of diagnosis and treatment in any manner whatsoever of disease or any ailment of the human body." 63 P.S. § 422.2.

---

**1.** Morrison explains that the Kelley Program is an "individualized metabolic nutritional program" using "non-invasive procedures ... for therapeutic purposes ... with the option for exceptional healing by spiritual means and prayer." (Morrison's petition.) Morrison further explains that she became acquainted with William D. Kelley, D.D.S., and his program, in 1984, when she herself was diagnosed with ductal carcinoma of the left breast. Morrison also states that her health was restored through the use of the Kelley program, and that she attended seminars offered by Dr. Kelley, and continues to study with Dr. Kelley to date.

Your license permits you to practice medicine and surgery in a manner which is not unprofessional or immoral. "Unprofessional conduct" is identified in Section 41 of the Act as

... departure from or failing to conform to an ethical or quality standard of the profession. In proceedings based on this paragraph, actual injury to a patient need not be established.

(i) The ethical standards of a profession are those ethical tenets which are embraced by the professional community in this Commonwealth.

(ii) A practitioner departs from, or fails to conform to, a quality standard of the profession when the practitioner provides a medical service at a level beneath the accepted standard of care. The Board may promulgate regulations which define the accepted standard of care. In the event the Board has not promulgated an applicable regulation, the accepted standard of care for a practitioner is that which would be normally exercised by the average professional of the same kind in this Commonwealth under the circumstances, including locality and whether the practitioner is or purports to be a specialist in the area. Section 41(8) of the Act, 63 P.S. § 422.41(8).

The Board's letter also indicated that no regulations had been promulgated that would provide further guidance and that it is a physician's responsibility to "ascertain the program's acceptance by the medical community and to exercise your professional judgment in the treatment of your patients." (Board's letter).

In response to Morrison's petition, the Board then filed preliminary objections,[2] raising the following issues for our consideration: (1) whether the Act authorizes the Board to pre-approve particular treatment programs which may be used in the course of a physician's medical practice; (2)

2. When reviewing preliminary objections, we accept as true all well-pleaded facts which are material and relevant. *Pennsylvania Turnpike Commission v. Hafer*, 142 Pa.Commonwealth Ct. 502, 597 A.2d 754 (1991). Preliminary objections shall be sustained only when they are clear and free from doubt. *Id.*

whether the petition stated a cause of action in mandamus, despite a lack of a right by a physician or a duty on the part of the Board to provide unqualified pre-approval of a particular treatment program; and (3) whether a physician seeking pre-approval of a particular medical treatment has a cause of action upon which declaratory relief may be granted, where the Board has taken no action against her.

The Board first argues that the Act does not provide for pre-approval of any specific treatment program. The approval that Morrison seeks entails a determination by the Board of the appropriateness of a specific treatment program with no regard to the conditions of an individual patient nor an individual doctor's professional medical judgment. In essence, she is asking the Board to promulgate a regulation or to issue an administrative directive pre-approving the Kelley Program.

> This Court has held that a legislative regulation promulgated under an express or implied grant of power is valid if written within that power, if issued pursuant to proper procedure and if reasonable. Moreover, regulations promulgated pursuant to statutory authority will not be disturbed in the absence of fraud, bad faith or abuse of power. We are mindful, however, that the power and authority exercised by an administrative agency in its rule-making must be conferred by language that is clear and unmistakable and the regulatory action must be within the strict and exact limits defined by the statute.

*Pennsylvania Medical Society v. State Board of Medicine,* 118 Pa.Commonwealth Ct. 635, 639, 546 A.2d 720, 722 (1988).

In *Medical Society,* the Court concluded that the purpose of the Act is to provide for the proper licensing of doctors by duly constituted boards that, through administrative regulation, could set standards of care and conduct.[3] The Court further opined, however, that the purpose did not include "a compulsory patient-specific review of diagnoses and treatment...." *Id.* at 641, 546 A.2d at 723. The Court held that

---

**3.** Additionally, the Board functions as a disciplinary body to protect the health and safety of Pennsylvania citizens.

the regulation at issue was null and void because it did not fit within the limits set by the statute.

■ In this case, the authority to pre-approve the Kelley method, although not a patient-specific treatment, is outside the scope of power granted by the legislature. The Act does not provide for pre-approval of treatment programs. The Board's authority to decide issues, concerning a doctor's adherence to accepted ethical and quality standards, arises only in the context of a disciplinary action.

The Board next objects to Morrison's failure to provide even the minimum requirements needed to obtain a writ of mandamus. "Mandamus is an extraordinary remedy designed to compel official performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate remedy at law." *County of Allegheny v. Commonwealth,* 507 Pa. 360, 372–73, 490 A.2d 402, 408 (1985). "More importantly, the writ of mandamus cannot be used to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal; ... [or] to influence or coerce a particular determination of the issue involved...." *Faust v. Department of Revenue,* 140 Pa.Commonwealth Ct. 389, 398–99, 592 A.2d 835, 840 (1991), *petition for allowance of appeal denied,* 530 Pa. 647, 607 A.2d 257 (1992).

Morrison has no clear legal right to have a particular treatment program pre-approved by the Board nor does the Board have a duty to give such pre-approval. In fact, as we stated above, the Board would be acting outside the scope of power granted to it by the Act if it provided pre-approval. Furthermore, Morrison's own characterization of the Kelley program includes as an element the "exceptional healing by spiritual means and prayer." As noted in the Board's June 24, 1992 letter, the definition of "medicine and surgery" in the Act, specifically excludes healing by spiritual means and prayer.

■ The Board also objects to Morrison's request for a declaratory judgment, arguing that no controversy exists. In

*Pennsylvania Turnpike Commission v. Hafer,* 142 Pa.Commonwealth Ct. 502, 506–07, 597 A.2d 754, 756 (1991), this Court explained that the Declaratory Judgments Act (DJA), 42 Pa.C.S. §§ 7531–7541, is:

> broad in scope and is to be liberally construed and administered, but is not without it limitations. Declaratory relief is not available unless an actual controversy exists, is imminent or inevitable. A declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur but is appropriate where there is imminent and inevitable litigation.

The substance of Morrison's declaratory judgment request would exempt her from discipline if, at any time, the Kelley Program was found to be not within the accepted standards of medical practice in Pennsylvania. However, the Board has taken no action against Morrison, nor has it in any way indicated that Morrison's license to practice medicine is in jeopardy. Therefore, we agree that Morrison has failed to allege facts demonstrating that a controversy exists. She is in possession of an unrestricted license to practice medicine in Pennsylvania, and the Board has not taken any steps to limit her ability to practice her profession. Morrison's belief concerning what may or may not occur in the future does not create a controversy that is ripe for determination under the DJA.

Accordingly, we sustain the Board's preliminary objections and dismiss Morrison's petition.

## ORDER

AND NOW, this 2nd day of December, 1992, the State Board of Medicine's preliminary objections are sustained and Carol A. Morrison's petition is dismissed.