Timothy R. JOHNSON, Petitioner,

v.

Martin F. HORN, Secretary, Department Of Corrections; Donald T. Vaughn; W.D. Conrad; Counselor H. Coley; Dr. Kulaylat; Md/Donna Hale, C.H.C.A., Contagious Diseases; RN. M. Stitt, State Correctional Institution at Graterford, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2001.

Decided June 15, 2001.

Publication Ordered Aug. 22, 2001.

---

Timothy R. Johnson, petitioner, pro se.

John J. Talaber, Camp Hill, for respondent.

Before McGINLEY, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Before the Court is a motion for summary relief on behalf of Timothy R. Johnson in a mandamus/declaratory relief action he filed against the Department of Corrections (DOC), DOC's Secretary, the Superintendent of the State Correctional Institution at Graterford (SCI–Graterford) and several employees of SCI–Graterford (collectively, Respondents).[1] Also before the Court is Respondents' cross-motion for summary relief seeking judgment in their favor.

In his action, Johnson seeks an order from this Court: (1) directing Respondents to assign him medical or "Z" Code single-cell status; (2) declaring that Respondents must assign Johnson a single cell to prevent him from spreading Hepatitis C; and (3) prohibiting Respondents from harassing Johnson or transferring him to another institution in retaliation for bringing this action. For the following reasons, we deny Johnson's motion for summary relief, grant Respondents' cross motion for summary relief and enter judgment in their favor.

In December 1996, DOC's *Single Celling (Z Code) and Double Celling Housing Policy* (hereinafter, "the Policy") went into effect. The Policy, *inter alia*, sets forth guidelines and procedures for identifying inmates who need single cells. In determining under the Policy whether an inmate needs a single cell, DOC considers several factors, including misconduct reports, recommendations from medical and psychiatric staff and reports from other staff members who have knowledge of the inmate's behavior. A vote sheet is circulated among the various staff members. The Superintendent, however, makes the final determination.

---

**1.** Johnson also named Dr. Kulaylat as a DOC employee. In its answer, DOC denied that

Dr. Kulaylat was a DOC employee.

Johnson has been incarcerated at SCI Graterford since 1992. In 1994, Johnson began seeking single-cell status for medical reasons. In July 1999, DOC, using the criteria in the Policy, denied Johnson's request for single-cell status.[2] Johnson was previously infected with the Hepatitis B virus, which is now inactive. He is currently infected with the Hepatitis C virus, which could be passed through blood exchanges with another person. Johnson also has a bladder condition, resulting in some incontinence, and an occasional nosebleed. Johnson seeks a single cell in order to prevent him from infecting a potential cellmate with Hepatitis C.

On October 1, 1999, Johnson, proceeding *pro se*, filed a mandamus action in this Court's original jurisdiction seeking an order requiring Respondents to assign him medical single-cell status. Respondents filed an answer and new matter. Johnson responded to the new matter. In addition, on February 23, 2000, Johnson filed a motion for protective and restricting order alleging improper medical treatment and retaliation. On March 23, 2000, this Court entered an order denying that motion.[3]

In January 2001, Johnson filed a motion for disposition, which this Court treated as a motion for summary relief. Respondents subsequently filed a cross-motion for summary relief. Both motions are now before the Court for disposition. "In ruling on an application for summary relief, we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there are no genuine issues as to any material facts and the right to judgment is clear as a matter of law." Pa. R.A.P. 1532(b); *Central Dauphin Sch. Dist. v. Department of Education*, 143 Pa.Cmwlth. 374, 598 A.2d 1364, 1366–1367 (1991).

### Johnson's Mandamus Request

■ In his petition for review, Johnson seeks an order compelling Respondents to assign him medical single-cell status. Whether to grant or deny mandamus relief in the present case is a decision that lies solely within the discretion of this Court in our role as the trial court in this matter. *Albrechta v. Borough of Shickshinny*, 129 Pa.Cmwlth. 206, 565 A.2d 198 (1989).

In *Pennsylvania Dental Ass'n v. Insurance Department*, 512 Pa. 217, 516 A.2d 647 (1986), our Supreme Court stated:

> This Court has consistently held that mandamus is an extraordinary writ which will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate and adequate remedy.

*Id.* at 227, 516 A.2d at 652. "The writ cannot be used to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal...." *Id.*

■ Pursuant to the Policy, inmates who meet certain criteria may be assigned single-cell status. Under Section VI(B)(1)(b) of the Policy, an inmate with an infectious condition may qualify for Medical or "Z" Code single-cell status. *See* the Policy, p. 4, Petitioner's Brief in Support of Motion for Summary Relief, Ex. A. The following procedure is used for determining whether an inmate should be assigned "Z" Code status:

> 3. When reviewing an inmate for "Z" Code housing status, a review of appro-

---

2. This Court notes that since December 1999, Johnson has been housed in a single cell for reasons other than medical reasons.

3. This Court's March 23, 2000 order rejected Johnson's request for a preliminary and permanent injunction prohibiting Respondents from harassing, threatening or transferring Johnson in retaliation for bringing this action.

priate documentation will be completed by the institutional staff. Documentation will include: misconduct reports; recommendations from medical and/or psychiatric/psychological staff and, reports from other staff who have knowledge of the inmate's adjustment and behavior.

4. When completing a review of a "Z" Code housing status, a Vote Sheet (DC–46), along with other relevant information, will be circulated to the Superintendent or his/her designee who will make the final decision. The staff action and rationale for "Z" Code housing status shall be documented on the Cumulative Adjustment Record (DC–14) and the PACT data will be modified as required.

*Id.,* p. 5.

Johnson, who is currently infected with Hepatitis C, applied for medical single-cell status in June and September 1999. However, in July and December 1999, Johnson was denied medical single-cell status.

In support of their denial of Johnson's request, Respondents rely in part on the unsworn affidavit of Dr. Berel B. Arrow, Assistant Medical Director of DOC's Bureau of Health Care Services. *See* Respondents' Response to Petitioner's Motion for Protective and Restricting Orders, Ex. A. Dr. Arrow opined in his affidavit that because Hepatitis C is transmitted primarily through blood or blood products, the risk of Johnson infecting another inmate with the virus through double celling is minimal to none.[4]

Clearly, Johnson is seeking not only to compel Respondents to perform a discretionary act, but to reverse their prior determination denying Johnson's request for "Z" Code housing status. In *Pennsylvania Dental Ass'n,* our Supreme Court stated that mandamus may not be "used to direct the exercise of judgment or discretion in a particular way, nor to direct the retraction or reversal of an action already taken." 512 Pa. at 228, 516 A.2d at 652. Consequently, Johnson's mandamus request must be denied.

### Johnson's Request for Declaratory Relief

■ In his petition for review, Johnson also requests a declaration that he be assigned to a single cell to prevent spreading Hepatitis C. "Declaratory relief is not available unless an actual controversy exists, is imminent or inevitable." *Pennsylvania Turnpike Comm'n v. Hafer,* 142 Pa. Cmwlth. 502, 597 A.2d 754 (1991). "A declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur but is appropriate where there is imminent and inevitable litigation." *Id.*

■ As discussed above, Dr. Arrow stated in his affidavit that the risk of Johnson infecting another inmate with Hepatitis C through double celling is "minimal to none." Dr. Arrow's Unsworn Affidavit, p. 4; Respondents' Response to Petitioner's Motion for Protective and Restricting Orders, Ex. A. In his affidavit, Dr. Arrow noted that Hepatitis C is transmitted primarily through blood and blood products[5] and that, therefore, it is unlikely that Johnson's bladder control problems would be a danger to another inmate through double celling. *Id.* The doctor also stated

---

4. Dr. Arrow had formerly run the Hepatitis C Clinic at SCI Camp Hill. As part of his current position as DOC's Assistant Medical Director, he is responsible for the development of medical treatment for infectious disease, tuberculosis, HIV AIDS and hepatitis disorders.

5. Johnson also acknowledges that Hepatitis C is a "blood borne" virus. *See* Brief in Support of Summary Relief, ¶ 17, p. 5.

that nosebleeds are not a condition for assigning single-cell status. *Id.,* p. 3.

Upon a review of the record, it does not appear to this Court that Johnson has presented any evidence indicating that it is either *imminent* or *inevitable* that he would infect another inmate with Hepatitis C if he were double celled. Consequently, Johnson is not entitled to a declaration that he be assigned single-cell status under the Policy based on medical reasons. *Pennsylvania Turnpike Comm'n.* Therefore, his request for declaratory relief must be denied.

In view of the foregoing, Johnson's motion for summary relief is denied. Further, Respondents' cross-motion for summary relief is granted and judgment is entered in their favor.

## ORDER

AND NOW, this 15th day of June, 2001, Petitioner's Motion for Summary Relief is denied and Respondents' Cross Motion for Summary Relief is granted. Judgment is hereby entered in favor of Respondents.