IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Richard,                              :
                                           :
                                           :
                    Petitioner             :
                                           :
                                           :
            v.                             : No. 569 M.D. 2023
                                           : Submitted: April 11, 2025
The PA. Department of Corrections,         :
                                           :
                    Respondent             :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  May 23, 2025


            Carl Richard (Inmate), appearing *pro se*, has filed a "Motion for
Preliminary Injunction" in this Court's original jurisdiction, asking that we issue an
order directing the Pennsylvania Department of Corrections (DOC) to allow him to
"order/obtain custom fitted footwear for his prosthetic leg as soon as possible."
Petition for Review, Wherefore Clause.[1]  Presently before this Court for disposition
are the preliminary objections filed by the DOC.  For the reasons that follow, the
preliminary objections are overruled.

---

[1] Although the initiating pleading in this action is titled "Motion for Preliminary
Injunction," we will refer to it as a petition for review because that is the document that commences
an action in this Court's original jurisdiction.  *See* Pennsylvania Rule of Appellate Procedure
(Pa.R.A.P.) 1513(c).

Inmate alleges that as a result of a motorcycle accident, his leg was amputated, and he now ambulates using a prosthetic leg. He asserts that when he was initially incarcerated in the State Correctional Institution (SCI) at Camp Hill, his "medically prescribed and custom fitted boots" were confiscated; however, the "custom footwear" was returned by SCI Camp Hill after determining their "medical importance." Petition for Review, ¶5. Exhibit "A" to Inmate's Petition for Review is a "Confiscated Items Receipt (Inmate)" dated December 26, 2017. It refers to the shoes as "1 Pair Black Nike." A written notation on Exhibit "A" indicates that the shoes were "Returned to Inmate 3/30/1[illegible]."

Inmate contends that when he was transferred to SCI Houtzdale, his "medical shoes" were once again confiscated. Inmate asserts that he showed individuals at SCI Houtzdale "the previous return slip," and explained the importance of the shoes, however, the shoes were never returned. Petition for Review, ¶6.

Inmate further alleges that on February 26, 2022, he slipped and fell in the recreation yard at SCI Houtzdale when he was walking around the track. Inmate contends that he struggled to balance himself because his prosthetic leg was "incompatible" with his footwear. Petition for Review, ¶7. As a result of the incident, Inmate fell and struck his head with "great force." *Id.* He was placed on concussion protocol for 24 hours. *Id.*

Although he was released from prison medical care, Inmate continued to complain of pain and dizziness. Inmate maintains that on March 2, 2022, he collapsed in his housing unit and was transferred to the hospital where it was determined that he "suffered from a 'concussion and blood on the brain.'" Petition for Review, ¶8. Inmate remained in the hospital for an additional five days. *Id.*

Inmate avers that he filed a grievance[2] and has "written to the medical department numerous times explaining his imbalance and new conditions brought on by the aforementioned fall, *e.g.*, he hasn't been able to smell since[] and sometimes has episodes of dizziness." Petition for Review, ¶9. Inmate contends that he has been given "the run-around" and that no resolution has taken place. *Id.* As a result, Inmate filed an action in the Court of Common Pleas of Clearfield County, asserting medical negligence and seeking injunctive relief. *Id.*, ¶1. Inmate asserts that the Court Administrator of Clearfield County sent the complaint back to Inmate and instructed him to file his request for preliminary injunction with this Court.[3]

Inmate asserts that prison staff is deliberately ignoring his needs and that without his custom footwear, he is in immediate danger of harm. Inmate avers that "Prison policy DC-ADM 0[0]6[4] provides assurance that he should be accommodated for his disability[] and protected from harm." Petition for Review, ¶10. Inmate emphasizes that SCI Camp Hill saw fit to return his custom footwear, but that SCI Houtzdale is "indifferent to his medical needs." *Id.* Inmate expresses concern that with winter weather approaching, he will have difficulty navigating through the prison. Petition for Review, ¶11.

---

[2] Inmate does not provide any additional information concerning this grievance or its final resolution.

[3] Inmate alleges that he revised the complaint by omitting the request for preliminary injunction, but the Court of Common Pleas of Clearfield County has not yet given the action a docket number. Petition for Review, ¶2.

[4] *See* https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/006%20Reasonable%20Accommodations%20for%20Inmates%20with%20Disabilities.pdf (last visited May 22, 2025).

In response, the DOC filed preliminary objections to Inmate's petition for review. The DOC first asserts that this Court lacks original jurisdiction over this action. *See* Pa.R.Civ.P. 1028(a)(1). The DOC also demurs pursuant to Pa.R.Civ.P. 1028(a)(4), alleging that it is protected by sovereign immunity; that mandamus is improper to compel a discretionary act; that Inmate's claim for injunctive relief fails as a matter of law; and that Inmate's claims are barred by the statute of limitations.

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

**PRELIMINARY OBJECTION I: LACK OF ORIGINAL JURISDICTION**

We address this preliminary objection first, as it implicates our power to act on the petition for review in the first instance. This preliminary objection, filed pursuant to Pa.R.Civ.P. 1028(a)(1), alleges that to the extent this case can be viewed as a tort action against the Commonwealth government, this Court does not

4

have jurisdiction under Section 761(a)(1)(v) of the Judicial Code, 42 Pa. C.S. §761(a)(1)(v).[5]

In *Balshy v. Rank*, 490 A.2d 415, 420-21 (Pa. 1985), the Pennsylvania Supreme Court had occasion to discuss the General Assembly's goal in drafting Section 761(a)(1)(v), stating "the clear intent of the General Assembly is that actions against the Commonwealth or its officers acting in their official capacity for money damages based on tort liability are outside the original jurisdiction of Commonwealth Court and are properly commenced in the Courts of Common Pleas."

Based on our review of the petition for review, we do not believe that Inmate is bringing a tort action against the DOC in this Court's original jurisdiction. Of note, the petition for review does not mention money damages and, to the extent it discusses any negligence on the part of the Commonwealth, it is in the context of the suit that Inmate is attempting to bring in the Court of Common Pleas of Clearfield County. Reading the petition for review as a whole, it is apparent that Inmate is seeking relief in the nature of an order from this Court compelling the DOC to allow him to order "custom fitted footwear for his prosthetic leg as soon as possible."

---

[5] This Section of the Judicial Code provides that Commonwealth Court has original jurisdiction over civil actions or proceedings:

> (1)     Against the Commonwealth government, including any officer thereof, acting in his official capacity, except: . . .
>
> * * *
>
> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. §761(a)(1)(v)

Petition for Review, Wherefore Clause. Under the circumstances, we believe this jurisdiction is properly vested in our original jurisdiction. Accordingly, the DOC's preliminary objection to this Court's jurisdiction is overruled.

## PRELIMINARY OBJECTION II: DEMURRER-SOVEREIGN IMMUNITY

The DOC next asserts that "[t]o the extent [Inmate] is claiming intentional conduct by the DOC, i.e., medical negligence, the [DOC] is entitled to the affirmative defense of sovereign immunity." DOC's Preliminary Objections, ¶25. Furthermore, insofar as Inmate's petition for review may be interpreted as seeking relief due to the confiscation of custom footwear, "which clearly portends intentional acts rather than negligent conduct," the DOC argues that "a claim for an intentional tort alleged to have been committed within the scope of a defendant's employment, such as the regulation and administration of inmate property, is barred by sovereign immunity." DOC's Preliminary Objections, ¶¶27-28 (citing *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992)).

An action against Commonwealth parties is invalid if barred by provisions relating to sovereign immunity. *Williams v. Stickman*, 917 A.2d 915, 917 (Pa. Cmwlth. 2006). Generally, Commonwealth officials and employees acting within the scope of their duties are immune from suit, unless immunity is specifically waived. 1 Pa. C.S. §2310. "[S]overeign immunity [acts] as a bar to an action against Commonwealth parties, for *damages arising out of a negligent act* where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa. C.S. §8522(a) (emphasis added). Although there are delineated exceptions to sovereign immunity, they only apply to claims based in

6

negligence.[6]  *Id.*; *see Williams.*  Conversely, an action for intentional misconduct is barred by sovereign immunity if the Commonwealth actor was within the scope of his duties.  *Williams*, 917 A.2d at 917; *La Frankie*, 618 A.2d at 1149; *see* 1 Pa. C.S. §2310.  In other words, a Commonwealth defendant may be held liable for negligence if the negligence falls into one of the enumerated categories for which immunity has been waived, but may not be held liable for intentional acts, provided he was acting within the scope of his duties.  *Williams; La Frankie.*

As noted above, we do not believe that Inmate's petition for review evidences that he is seeking relief in tort.  Furthermore, based on our review of the petition for review, it is apparent that Inmate is not seeking damages based on the intentional confiscation of his custom footwear.[7]  Accordingly, we conclude that the doctrine of sovereign immunity is not applicable to the facts presented in this case, and this preliminary objection is overruled.

### PRELIMINARY OBJECTION III:  DEMURRER-MANDAMUS IMPROPER TO COMPEL A DISRECTIONARY ACT

To the extent Inmate's petition for review can be interpreted as seeking mandamus relief, the DOC demurs, asserting that Inmate is asking this Court to "superimpose its judgment on a decision made by [the DOC] staff."  DOC's Preliminary Objections, ¶30.  Citing to an unpublished decision of this Court in

---

[6] The exceptions are: (1) "vehicle liability"; (2) "medical-professional liability"; (3) "care, custody, or control of personal property"; (4) "Commonwealth real estate, highways, and sidewalks"; (5) "potholes and other dangerous conditions"; (6) "care, custody, or control of animals"; (7) "liquor store sales"; (8) "National Guard activities";  (9) "toxoids and vaccines"; and (10) "sexual abuse."  42 Pa.C.S. §8522(b).

[7] Indeed, Inmate's answer to the DOC's preliminary objections states that he "is not seeking return of [the custom footwear], as those are long gone, but the ability to order adequate footwear at his own cost."  Inmate's Answer to Preliminary Objections, ¶4.

*Armstrong v. Department of Corrections* (Pa. Cmwlth., No. 861 M.D. 2010, filed August 5, 2011), slip op. at 4 (citing *Fordyce v. Clerk of Courts*, 869 A.2d 1049, 1051 (Pa. Cmwlth. 2005)), the DOC emphasizes that a writ of mandamus is an extraordinary remedy compelling the performance of a ministerial act or duty that may only be issued where there is a clear right of the petitioner, a corresponding duty in the respondent, and a lack of any other appropriate and adequate remedy.[8] Mandamus will not be granted in cases where a duty to act on the part of a respondent is not clear. *Kelly v. Pennsylvania Board of Probation and Parole*, 686 A.2d 883, 884 (Pa. Cmwlth. 1996). Furthermore, mandamus "may not be used to direct the exercise of judgment or discretion in any way, nor [to] direct the retraction or reversal of an action already taken." DOC's Brief at 11 (quoting *Johnson v. Horn*, 782 A.2d 1073, 1076 (Pa. Cmwlth. 2001)).

The DOC emphasizes that it has "broad discretion to fashion policies about what property inmates may possess[] and to modify those policies as security needs evolve or change." DOC's Brief at 10 (quoting *O'Toole v. Department of Corrections*, 196 A.3d 260, 267 (Pa. Cmwlth. 2018)). In this regard, the DOC has implemented policy statement DC-ADM 815, titled "Personal Property, State Issued Items, and Commissary/Outside Purchases" (DC-ADM 815).[9] The DOC notes that DC-ADM 815 provides that "before a medical item is denied, the Medical Department shall be contacted to determine which items should be permitted as

---

[8] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[9] *See* https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/815-personal-property-state-issued-items-etc..pdf (last visited May 22, 2025).

medically necessary." DOC's Brief at 11.[10] The DOC stresses that the Exhibits attached to Inmate's petition for review "do not indicate [that] the confiscated shoes are medical shoes or orthopedic shoes[.] [T]he slips plainly state that the shoes are black Nike's/boots." *Id.* Furthermore, while Exhibit "A" to the petition for review reflects that SCI Camp Hill returned Inmate's shoes, it does not reflect that they were returned because they were deemed "medically necessary." *Id.* The DOC asserts that, in essence, Inmate improperly seeks to undo the DOC's exercise of discretion in confiscating Inmate's shoes.

The DOC also argues that Inmate's reliance on the DOC's policy statement DC-ADM 006, titled "Reasonable Accommodations for Inmates with Disabilities" (DC-ADM 006), as a source of a ministerial duty is similarly misplaced. As this Court recognized in *Montgomery v. Beard*, (Pa. Cmwlth., No. 593 M.D. 2010, filed March 8, 2011), 2011 WL 10843548, at *2, DC-ADM 006 is an internal directive to DOC employees "which sets forth the procedures for inmates to request a reasonable accommodation[] and the procedures for prison officials to process such a request, including how to determine whether a disability is 'qualified.'" In *Montgomery*, this Court emphasized that DC-ADM 006 "is not itself the source of a substantive legal right . . . ." *Id.*, slip op. at 4, 2011 WL 10843548, at *2. The DOC asserts that the same rationale should apply in this case.

Finally, the DOC notes, this Court has consistently denied petitions for mandamus where inmates seek to have this Court alter the terms of their custody or

---

[10] Presumably, the DOC is referring to Section 3A. of DC-ADM 815, which addresses an inmate's property at the time of reception. This Section provides that certain items may be retained after they are examined and screened for contraband. Among the items listed are "Prosthetic Devices and items needed for medical conditions such as orthopedic shoes, braces, canes, etc." *Id.* at 30 (electronic pagination). DC-ADM 815 notes that "[b]efore a medical item is denied, the Medical Department shall be contacted to determine which items should be permitted as medically necessary." *Id.*

9

the medical treatment they receive. *See, e.g.*, *Williams v. Department of Corrections* (Pa. Cmwlth., No. 31 M.D. 2017, filed September 5, 2017), slip op. at 8 (inmate cannot dictate his own course of treatment); *Baez v. Department of Corrections* (Pa. Cmwlth., No. 311 M.D. 2013, filed March 18, 2014), slip op. at 6 (courts will not find deliberate indifference to an inmate's medical needs where an inmate is receiving medical treatment but disagrees with his course of treatment); *Kretchmar v. Department of Corrections*, 831 A.2d 793, 800 (Pa. Cmwlth. 2003) (petitioner could not use mandamus to compel a discretionary act, such as the prescription of a particular medicine).

Based on our review of this action, and accepting as true all well-pleaded material allegations in Inmate's petition for review and any reasonable inferences that we may draw from the averments, we are not persuaded that Inmate is bringing a mandamus action that seeks to alter the terms of his custody or the medical treatment he is receiving. Importantly, and contrary to the DOC's assertions, it does not appear that Inmate seeks to undo the DOC's discretion in confiscating his custom footwear. *See supra* note 7. Rather, it appears that Inmate is asserting that the DOC's refusal to allow him to order custom footwear constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.[11] The gist of Inmate's petition for review is that the custom footwear he seeks to acquire is necessary to prevent further injury and that the DOC is aware of his need, but refuses to allow him to obtain the

---

[11] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment is applicable to the States through the Fourteenth Amendment, U.S. Const. amend. XIV. *See Roper v. Simmons*, 543 U.S. 551, 560 (2005).

10

custom footwear at his own cost. Because we conclude that Inmate is not seeking mandamus relief, we overrule the DOC's demurrer.

## PRELIMINARY OBJECTION IV: DEMURRER-INMATE'S CLAIM FOR INJUNCTIVE RELIEF FAILS AS A MATTER OF LAW

Next, the DOC argues that Inmate's request for preliminary injunction fails to fulfill the necessary prerequisites entitling him to such relief. *See Summit Towne Center, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003) (to be entitled to preliminary injunctive relief, a party must show the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; that greater injury will result from refusing an injunction than from granting it and, concomitantly, that the issuance of an injunction will not substantially harm other interested parties in the proceedings; that a preliminary injunction will restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; that its right to relief is clear; that the injunction is reasonably suited to abate the offending activity; and that a preliminary injunction will not adversely affect the public interest).

We observe that both parties to this action are proceeding on the mistaken impression that Inmate has properly pled a request for preliminary injunctive relief. This is not the case. Pursuant to the Pennsylvania Rules of Appellate Procedure, a preliminary injunction seeks relief *ancillary* to a petition for review. *See* Pa.R.A.P. 1532. In other words, a party seeking a preliminary injunction must file a petition for review in this Court's original jurisdiction along with a *separate* application seeking preliminary injunctive relief that complies with Pa.R.A.P. 123. "Consequently, a request for a preliminary injunction that is a count in [a] petition for review or is found in the 'wherefore' clause of a petition for review

11

generally will be insufficient to bring the request for preliminary injunction to the [C]ourt's attention." G. Darlington, K. McKeon, D. Schuckers, K. Brown, & P. Cawley, West's Pennsylvania Appellate Practice §1532.2 (2023-2024 ed.).

Here, Inmate's failure to file a separate application seeking preliminary injunctive relief is not fatal to his case. Under the circumstances and based on the totality of the averments in Inmate's petition for review, we conclude that rather than seeking preliminary injunctive relief, Inmate's intent in filing the instant action is to receive a permanent remedy to his situation, *i.e.*, an order compelling the DOC to allow Inmate to order "custom fitted footwear for his prosthetic leg as soon as possible." Petition for Review, Wherefore Clause. We conclude, therefore, that the instant case is more akin to a request for a permanent injunction. Accordingly, the DOC's demurrer is overruled.

## PRELIMINARY OBJECTION V: DEMURRER-INMATE'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Lastly, the DOC asserts that Inmate's claims are barred by the statute of limitations.[12] The DOC points out that "[c]laims brought under [42 U.S.C. §1983] and Title II of the [Americans with Disabilities Act, 42 U.S.C. §§12131-1265] are subject to a two-year statute of limitations." DOC's Preliminary Objections, ¶80 (citing, *inter alia*, *Urrutia v. Harrisburg County Police Department*, 91 F.3d 451, 457 n.9 (3d Cir. 1996)). Additionally, the DOC notes, under Pennsylvania law "tort claims for intentional conduct, negligence, and conduct based in fraud are subject to a two-year statute of limitations." *Id.*, ¶81 (citing Section 5524 of the Judicial Code, 42 Pa.C.S. §5524). The DOC maintains that because Inmate alleged that his shoes

---

[12] While the statute of limitations defense is properly raised in new matter, where an affirmative defense is clear on the face of the pleadings, it may be raised in preliminary objections. *Scavo v. Old Forge Borough*, 978 A.2d 1076, 1078 (Pa. Cmwlth. 2009).

12

were confiscated in April of 2018, but did not file suit until December of 2023, his claims are barred by the applicable statute of limitations.

The DOC's argument misses the mark. As was noted earlier, the focus of Inmate's petition for review is not the *confiscation* of his custom footwear. Rather, we believe Inmate's claims relate to the DOC's alleged deliberate *and ongoing* indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Under the circumstances, we conclude that Inmate's cause of action is not barred by the statute of limitations. Thus, this preliminary objection is similarly overruled.

## CONCLUSION

For the reasons set forth above, the DOC's preliminary objections are overruled.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Richard,                              :
                                           :
                    Petitioner             :
                                           :
          v.                               : No. 569 M.D. 2023
                                           :
The PA. Department of Corrections,         :
                                           :
                    Respondent             :

# **O R D E R**

AND NOW, this 23rd day of May, 2025, the PA. Department of Corrections' (DOC) preliminary objections are OVERRULED. The DOC shall file an answer to Carl Richard's petition for review within 30 days of the exit date of this order.

_____
MICHAEL H. WOJCIK, Judge