# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Keith C. Tolbert, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 510 M.D. 2023 |
| | : | |
| Pennsylvania Department of | : | Submitted: July 7, 2025 |
| Corrections, | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE STACY WALLACE, Judge
                    HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED: August 7, 2025

Before this Court in our original jurisdiction are the preliminary objections filed by Respondent Pennsylvania Department of Corrections (DOC) to the petition for review in the nature of a petition for writ of mandamus (PFR) filed *pro se* by Keith C. Tolbert (Petitioner).  When he filed the PFR, Petitioner was an inmate at the State Correctional Institution (SCI) in Somerset, Pennsylvania (SCI-Somerset).[1]

Upon review, we sustain DOC's preliminary objections and dismiss the PFR with prejudice.

---

[1] It appears that, since the filing of the PFR, Petitioner has been transferred to SCI-Forest.  *See* Inmate Details, Inmate No. LZ4998, Keith Tolbert, *available at* https://inmatelocator.cor.pa.gov/#/ (last visited July 7, 2025).  Although such transfer could render the PFR moot, we nevertheless will address the DOC's preliminary objections because Petitioner's claims presumably could be viable while he is housed at any SCI, and there is no indication that he has been released entirely from DOC custody.  *Compare Harris v. Rendell*, 982 A.2d 1030, 1036 (Pa. Cmwlth. 2009), *aff'd*, 992 A.2d 121 (Pa. 2010) (inmate's claims for declaratory relief were moot upon inmate's release from prison).

## I.    MATERIAL ALLEGATIONS OF THE PFR

For purposes of ruling on DOC's preliminary objections, we summarize the material allegations of the PFR, as follows.

In March 2023, Petitioner began to experience severe panic attacks, acute distress, violent chest pain, and shortness of breath caused by several conditions, including post-traumatic stress disorder, post-concussion syndrome, traumatic brain injury, impaired vision, and left-arm paralysis.  (PFR, ¶¶ 3, 4.)  Petitioner alleges that these conditions and symptoms were exacerbated by his placement in double-cell housing.  *Id.* ¶ 4.  On May 15, 2023, Petitioner filed an Inmate Disability Accommodation Request Form with the DOC, therein requesting that he be granted single cell "Z" Code housing (Z Code Housing)[2] due to his conditions.  *Id.* ¶ 5; Ex. C.  The request was denied.  *Id.* ¶ 6.

In June 2023, Petitioner alleges that, because of an incident with prison staff, he was relocated to another housing unit and placed in a single cell.  *Id.* ¶ 7.  Petitioner continued to be housed in a single cell for several months thereafter, during which period he alleges his physical conditions and symptoms improved.  *Id.* ¶¶ 7-9.  Petitioner submitted additional requests for Z Code Housing status, for which he was evaluated by medical and psychological staff.  The requests ultimately were denied.

Petitioner filed a grievance challenging the denial of his requests on September 27, 2023 (Grievance).  In the Grievance, Petitioner alleged that adequate medical and psychological evidence support granting him Z Code Housing status.  *Id.*

---

[2] DOC Policy 6.5.3 defines "Program Code 'Z'" as "[a] code used to designate inmates who do not meet the criteria for double or multiple celling and, therefore, require single celling due to medical needs, mental health problems, victimization concerns or assaultive facility behavior." (DOC Policy 6.5.3, attached to PFR (undesignated)).  It further provides that inmates will be reviewed for Z Code Housing on a "case-by-case" basis.  *Id.*  Petitioner has not attached to his PFR those portions of the DOC policies that set forth the criteria considered in granting Z Code Housing status.  From our search, they do not appear to be public.

2

¶¶ 2, 15; Ex. A. The Grievance was denied on October 10, 2023, due to DOC's determination that, after review by the Psychological Review Team (PRT), Petitioner did not qualify for Z Code Housing. (PFR, Initial Review Response (designation illegible)). Although not clear, it appears that Petitioner filed an administrative appeal of the Grievance denial, which was denied on October 19, 2023, on the ground that "there were no medical or psychological reasons that supported [Z Code Housing]." (PFR, ¶ 10; Ex. F.) From what we can glean from the PFR and the exhibits attached thereto, the administrative appeals process was not complete at the time Petitioner filed his PFR.

In this Court, Petitioner alleges that (1) no penological interest is being served by DOC's denial of his request for Z Code Housing status, (2) he has a clear right to it, (3) irreparable harm will result if it is denied, and (4) he has no adequate remedy at law. *Id.* ¶¶ 15-16. Citing to Sections 502, 721(2) and 726 of the Judicial Code, 42 Pa. C.S. §§ 502, 721(2), 726, Petitioner requests mandamus and other "extraordinary relief" directing DOC to grant Petitioner temporary Z Code Housing status until all administrative proceedings within DOC have been exhausted. (PFR, ¶ 1, Wherefore clause.)

## II. DOC's PRELIMINARY OBJECTIONS

DOC has lodged several preliminary objections to the PFR and seeks its dismissal in total. DOC demurs to Petitioner's request for a writ of mandamus on the ground that Petitioner cannot show a clear right to Z Code Housing because it is within DOC's discretion to grant it. DOC further argues in the alternative that Petitioner's request for an order directing DOC to grant him temporary Z Code Housing status is a mandatory injunction from which DOC enjoys sovereign immunity. Lastly, DOC

3

argues that Petitioner admittedly has adequate alternative remedies via the internal administrative proceedings pending within DOC.[3]

## III.   DISCUSSION

When ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from them. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). We need not, however, accept legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve all doubts in the petitioner's favor. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

### A.   Mandamus

First, and most plainly, we agree with DOC that Petitioner cannot establish a clear right to mandamus relief. Petitioner requests that we direct DOC to grant him Z Code Housing status pending the outcome of his administrative appeals. Z Code Housing status is granted after DOC's consideration of multiple criteria on a case-by-case basis, which is a textbook example of the exercise of discretion. Petitioner therefore requests that we direct DOC to perform a discretionary act and, at least temporarily, reverse another discretionary act it already has taken in denying Petitioner's request. Such relief cannot be granted in mandamus. *See Johnson v. Horn*,

---

[3] Petitioner did not file a brief in opposition to DOC's preliminary objections, and by order entered October 31, 2024, we precluded him from doing so.

4

782 A.2d 1073, 1076 (Pa. Cmwlth. 2001) (where inmate petitioner sought mandamus relief directing the DOC and other respondents to grant him Z Code Housing status and reverse a prior determination that he did not qualify, petitioner was seeking to compel one discretionary act and reverse another, which was not appropriate for mandamus relief; "[M]andamus may not be used to direct the exercise of judgment or discretion in a particular way, nor to direct the retraction or reversal of an action already taken.") (internal citations and quotations omitted).

Second, and as Petitioner himself admits, he has an adequate alternative remedy available to him: the completion of the grievance appeal process within the DOC. Petitioner acknowledges in his PFR that he has appealed the denial of his Grievance and, at least at the time the PFR was filed, those appeal proceedings remained pending. Petitioner is required to exhaust those remedies and may not seek in this Court what essentially amounts to a reversal pending administrative appeal.

Thus, because Petitioner cannot establish a clear right to the relief he seeks and has an adequate, alternative administrative remedy, his mandamus claim fails as a matter of law. We accordingly sustain DOC's preliminary objections to Petitioner's mandamus claim.

### B.     Other Theories of Relief

To the extent DOC also objects to any other forms of relief sought in the PFR, *see* Preliminary Objections, ¶¶ 18, 25; DOC Br. at 7, 10, 12-13, we also sustain those objections and dismiss the PFR in its entirety.

First, to the extent that Petitioner requests that we issue mandatory injunctive relief directing the DOC to take affirmative action and grant Petitioner Z Code Housing status, DOC, as a Commonwealth agency, enjoys sovereign immunity from such claims. *Stackhouse v. Pennsylvania State Police*, 892 A.2d 54, 61 (Pa.

5

Cmwlth. 2006). Second, to the extent Petitioner is relying on alleged violations of DOC policies to support his claims, generally, "allegations that [DOC] failed to follow its regulations or internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations, unlike statutory provisions, usually do not create rights in prison inmates." *Shore v. Pennsylvania Department of Corrections*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017). Administrative policies simply do not, in themselves, create enforceable rights in inmates that would entitle them to injunctive relief. *See Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998). This is particularly the case where, as here, one of the policies relied upon by Petitioner in requesting Z Code Housing status, DC-ADM 006, contains explicit language disclaiming the creation of any enforceable inmate rights. *See* Article VI of DC-ADM 006, *available* at https://www.pa.gov/agencies/cor/about-us/doc-policies (last visited July 15, 2025) (stating, in pertinent part, that "[t]his policy does not create rights in any person[.]").[4]

Lastly, to the extent that Petitioner requests review of the denial of his Grievance, it is well settled that this Court lacks appellate jurisdiction over DOC's denial of inmate grievances. *Bronson v. Central Office Review Committee*, 721 A.2d 357, 359 (Pa. 1998).[5]

---

[4] *See Figueroa v. Pennsylvania Board of Probation & Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006) (taking judicial notice of information found on DOC website).

[5] To the extent the PFR can be interpreted to seek alternative mandamus, injunctive, or extraordinary relief under the Judicial Code, such relief is not available because the sections of the Judicial Code cited by Petitioner are inapposite here. See PFR ¶ 1. Section 721(2) of the Judicial Code, 42 Pa.C.S. § 721(2), provides that the Supreme Court of Pennsylvania shall have exclusive jurisdiction of all cases of "[m]andamus or prohibition to courts of inferior jurisdiction." It does not confer upon this Court any jurisdiction. Section 502 of the Judicial Code, 42 Pa.C.S. § 502, governs the "[g]eneral powers of the [Pennsylvania] Supreme Court," and likewise does not confer any jurisdiction on this Court. Similarly, Section 726 of the Judicial Code, 42 Pa.C.S. § 726, governs the **(Footnote continued on next page…)**

Having sustained preliminary objections to all claims set forth in the PFR, we dismiss it with prejudice.[6]

_____

PATRICIA A. McCULLOUGH, Judge

_____

extraordinary jurisdiction of the Pennsylvania Supreme Court and enables that Court to exercise plenary jurisdiction over matters of "immediate public importance" pending in any court of the Commonwealth. Like the other provisions cited by Petitioner, Section 726 simply does not confer jurisdiction on this Court.

[6] Given our disposition, we need not address DOC's preliminary objection raising Petitioner's alleged failures to attach to his PFR a notice to plead and a certificate of compliance. (Preliminary Objections, ¶¶ 31-33.)

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith C. Tolbert, :
        Petitioner :
         :
        v. : No. 510 M.D. 2023
         :
Pennsylvania Department of :
Corrections, :
        Respondent :

## *__ORDER__*

AND NOW, this 7th day of August, 2025, the preliminary objections of the Pennsylvania Department of Corrections are SUSTAINED as set forth in the foregoing Memorandum Opinion. It further is ordered that the petition for review filed by Keith C. Tolbert is DISMISSED, with prejudice.

_____
PATRICIA A. McCULLOUGH, Judge